The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* GEO. W. BEERMAKER (AGENT FOR MARINE PRODUCTS CO.) (No. 3839)[1]

[1] T. D. 47714.

United States Court of Customs and Patent Appeals, April 29, 1935

*Joseph R. Jackson*, Assistant Attorney General (*Peter A. Abeles*, special attorney, of counsel), for the United States.

*Walden & Webster* (*Edward F. Jordan* of counsel) for appellee.

[Oral argument April 17, 1935, by Mr. Jackson and Mr. Jordan]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, in a reappraisement proceeding wherein it was ordered that the case should be remanded to the trial judge with instructions to dismiss appellee's appeal to reappraisement.

The merchandise involved consisted of 3198 cases of canned tuna fish in oil, imported through the port of San Diego on February 24, 1932. There were three different types of tuna fish; all were invoiced in a single invoice. The collector designated all of the merchandise for examination. It is conceded that the unit of quantity in which the merchandise was entered and appraised was a paper carton containing 48 cans of tuna fish in oil, and that this was the proper unit of quantity as a basis for appraisement. From the appraisement made by the local appraiser, appellee appealed for a reappraisement under the provisions of section 501, Tariff Act of 1930.

Upon the trial W. H. Woolman, a witness for the appellee herein, testified that he was the appraiser at San Diego and was familiar with the involved merchandise; that he took from the cases "7 or 8, maybe 10 cans," taking each can from a different case or carton; that of the cans so taken from the cases, he opened all but three, and examined the contents of the cans opened; that the cans so opened embraced the three types of tuna fish involved; and that he examined the exterior of all of the 3198 cases. The witness further testified that, because 150 cases of one lot and 500 cases of another lot required relabeling he saw practically all of the cans in 650 cases.

During the taking of the testimony of said Woolman, appellee's counsel moved "that the assessment be held invalid and the entered value sustained." The ground of the motion was stated to be that "The assessment was illegal because not the required number of packages were appraised or examined, * * *."

The trial judge reserved decision upon this motion and the testimony was completed. Thereupon the parties, in open court, stipulated as follows:

Mr. STEIN. I may say that it is stipulated that the value of the merchandise, or the price at which the merchandise is freely offered for sale—I want to avoid stating conclusions of law—for the particular items on the invoices are as follows: 710 cases of canned tuna fish in oil, instead of the entered value or the entered price of $1.63, is $1.96. Is that correct?

Mr. GOTTFRIED. That is correct.

Mr. STEIN. Two thousand three hundred and thirty-eight cases of canned tuna fish in oil, which were invoiced or entered at a unit price of $1.30, the price should be $1.58. And 150 cases of canned tuna fish in oil, the entered unit price of which was $1.30, the price at which it is freely offered is correctly stated at $1.30. So that there is a difference of 33 cents which has been added to the price of the first item I mentioned, and 28 cents added to the second price that I mentioned, as entered.

I think on that statement the case may be submitted. It is agreed that in this case the prices which we have just stipulated may be considered as the cost of production, there being no other value to be ascertained. The stipulation just made is intended only for the purposes of this case, and no other, and it is without prejudice to any of the rights of the importer under the law.

Judge EVANS. That is agreeable?

Mr. GOTTFRIED. It is.

Judge EVANS. It will be submitted on that stipulation.

It is conceded that said stipulation should be regarded as subject to the ruling to be made on appellee's said motion.

The cause was submitted for decision upon the record made, as aforesaid. The single judge in his decision found the stipulated value to be the value of the merchandise. No reference was made in said decision to appellee's said motion. Appellee's counsel made a motion for rehearing, alleging insufficient examination of the merchandise by the appraiser and claiming that the appraisement by that officer was consequently invalid. This motion was denied, the single judge holding that the record showed that "the regulations have been complied with."

Application was duly made by appellee for review of said decision of the single judge by a division of the Customs Court. The Customs Court, Second Division, held that the judgment of the single judge should be reversed and that the case should be remanded to the single judge with instructions to dismiss the appeal to reappraisement. Judgment was entered accordingly, and from such judgment the Government took the appeal now before us.

In its decision the Second Division held that the appraisement made by the local appraiser was void because he had not examined all of the cases designated for examination by the collector.

It is conceded that the appraiser did not open and examine all of the 3198 cases involved, but that approximately 650 of such cases,

as aforesaid, were opened and examined, and that he did open several of the cans and examine their contents.

There is therefore no dispute about the facts in the case and the question before us for determination is solely a question of law, viz, was the appraisement made by the local appraiser void because he did not open and examine all of the 3198 cases designated for opening and examination by the collector, although he, the appraiser, did open and examine more than one out of ten of such cases so designated?

The pertinent portions of the Tariff Act of 1930 bearing upon the question before us read as follows:

SEC. 488. APPRAISEMENT OF MERCHANDISE.

The collector within whose district any merchandise is entered shall cause such merchandise to be appraised.

SEC. 499. EXAMINATION OF MERCHANDISE.

Imported merchandise, required by law or regulations made in pursuance thereof to be inspected, examined, or appraised, shall not be delivered from customs custody, except as otherwise provided in this Act, until it has been inspected, examined, or appraised and is reported by the appraiser to have been truly and correctly invoiced and found to comply with the requirements of the laws of the United States. The collector shall designate the packages or quantities covered by any invoice or entry which are to be opened and examined for the purpose of appraisement or otherwise and shall order such packages or quantities to be sent to the public stores or other places for such purpose. Not less than one package of every invoice and not less than one package of every ten packages of merchandise, shall be so designated unless the Secretary of the Treasury, from the character and description of the merchandise, is of the opinion that the examination of a less proportion of packages will amply protect the revenue and by special regulation permit a less number of packages to be examined. The collector or the appraiser may require such additional packages or quantities as either of them may deem necessary. If any package is found by the appraiser to contain any article not specified in the invoice and he reports to the collector that in his opinion such article was omitted from the invoice with fraudulent intent on the part of the seller, shipper, owner, or agent, the contents of the entire package in which such article is found shall be liable to seizure, but if the appraiser reports that no such fraudulent intent is apparent then the value of said article shall be added to the entry and the duties thereon paid accordingly. If a deficiency is found in quantity, weight, or measure in the examination of any package, report thereof shall be made to the collector, who shall make allowance therefor in the liquidation of duties.

SEC. 500. DUTIES OF APPRAISING OFFICERS.

(a) APPRAISER.—It shall be the duty of the appraiser under such rules and regulations as the Secretary of the Treasury may prescribe—

(1) To appraise the merchandise in the unit of quantity in which the merchandise is usually bought and sold by ascertaining or estimating the value thereof by all reasonable ways and means in his power, any statement of cost or cost of production in any invoice, affidavit, declaration, or other document to the contrary notwithstanding;

(2) To ascertain the number of yards, parcels, or quantities of the merchandise ordered or designated for examination;

(3)· To ascertain whether the merchandise has been truly and correctly invoiced;

(4) To describe the merchandise in order that the collector may determine the dutiable classification thereof; and

(5) To report his decisions to the collector.

\*       \*       \*       \*       \*       \*       \*

In the case of *United States* v. *Davis, Sinai Kosher Sausage Factory*, 20 C. C. P. A. (Customs) 305, T. D. 46087, we construed section 499 of the Tariff Act of 1922, which was the predecessor of section 499 of the Tariff Act of 1930 and is identical with it. In that case, as in the case at bar, the collector designated *all* of the packages of merchandise there involved for examination by the appraiser, and, as in the case at bar, the appraising officers did not examine all of the packages so designated; but, unlike the case at bar, less than one out of ten of such packages were opened and examined. We there held that the provisions of said section 499 requiring the designation by the collector of not less than one package of every ten packages to be opened and examined was mandatory, and that there could be no valid appraisement of merchandise where there had not been opened and examined at least one package of every ten packages of the merchandise in any importation. The reasons given for this holding, with citation of authority, were set out at length in our opinion in that case and meet with our approval now.

As hereinbefore noted, in that case, as in the case at bar, the collector designated all of the merchandise in the importations there involved for examination. In our opinion we said:

In the case at bar all of the merchandise was designated for examination. Whether under such designation it was necessary that every package of merchandise be examined in order that there be a valid appraisement we need not here determine; but it clearly was necessary that at least one package of every ten packages of merchandise be examined, for the fair construction of section 499 is that Congress deemed that there could not be presumed to be a fair appraisement of imported merchandise unless there was an examination of at least one package of every ten packages of such merchandise. Inasmuch as the Customs Court, Second Division, found that less than one package of every ten packages was examined for purposes of appraisement, and such finding was clearly warranted by the evidence, we are constrained to hold that the appraisements involved herein, made by the local appraiser, were void. \* \* \*

The question reserved in that case, of whether it was necessary to a valid appraisement for the appraising officer to open and examine all of the packages of an importation when the collector had designated all for examination, is the question for determination here.

In the case at bar, the designation by the collector of all of the merchandise for examination was, of course, a compliance with the mandatory provisions of section 499 that *not less* than one package of every invoice and *not less* than one package of every ten packages should be designated for examination. The appraiser also complied

with the mandatory provisions of said section in that he opened and examined 650 of the 3,198 cases, which, of course, is not less than one package of every ten packages of the importation. The appraiser did not comply with the direction of the collector that *all* of the packages should be opened and examined. Did this fact render his appraisement void? It is clear that, under the provisions of said section 499, it was discretionary with the collector to designate for examination by the appraiser any number of packages between one of every ten packages of the merchandise here involved and *all* of the merchandise; it was also within the power of the collector (and also the appraiser, if the collector had not designated all of the merchandise to be examined) to require a greater number to be opened and examined than had originally been designated by the collector. We also think that it is clearly within the power of the collector, after designating all of the merchandise for examination, to modify this designation by requiring a less number to be examined, provided always that he must designate not less than one package of every invoice and not less than one package of every ten packages of merchandise for examination.

The provisions here under consideration are for the protection of the Government. In our opinion in the case of *United States* v. *Davis et al., supra,* we said:

* * * It is altogether reasonable to suppose that Congress was of the opinion that the designation of at least one package of every ten packages of merchandise for examination for purposes of appraisement was so important in the interests of the Government, in order that proper revenue might be realized from duties upon importations, that no discretion should be left to the collector to use his judgment as to whether the examination of a less number of packages would be sufficient to protect the interests of the Government.

In the case of *United States* v. *F. W. Woolworth Co. et al.,* 22 C. C. P. A. (Customs) 184, T. D. 47126, we said:

* * * We think that no case, in which appraisement is required and in which the elements are present that enable appraisement, should be left suspended in midair to the detriment, if not the complete paralysis, of administration. Accordingly we feel that in cases where the tribunals of the United States Customs Court, when functioning in reappraisement proceedings, find erroneous the valuation of the local appraiser, they should themselves find value if the record warrants such a finding. Their authority is ample, and, in our opinion, the duty so to do is mandatory. Unless it is done by them it cannot be done. This court is without the power which is theirs, and we know of no other tribunals to which those interested may turn.

It will be observed that in the preceding paragraph we have used the expression ''in which appraisement is required and in which the elements are present that enable appraisement.''

In elucidation of this expression, it may be said that cases may arise in which merchandise not subject to appraisement becomes involved. Such was the situation with respect to the steam tug involved in the case of *United States* v. *Porto Rico Coal Co.,* 17 C. C. P. A. (Customs) 288, T. D. 43716. The course

54

which we think should be followed in such cases is indicated in our opinion in that case.

Also it may happen that elements essential to a legal appraisement may be lacking. Under such circumstances, where the appraisement of the local appraiser is found to be invalid, the tribunals of the Customs Court, of course, are unable to find value, and an anomalous situation is unavoidably created. Illustrative of such a situation is the case of United States v. V. M. Davis, Sinai Kosher Sausage Factory, 20 C. C. P. A. (Customs) 305, T. D. 46087. In that case this court affirmed the judgment of the Second Division of the United States Customs Court, which had affirmed the decision of the single judge holding that the appraisements of the local appraiser were null and void. Our own decision therein rested upon the ground that it had been shown that the local appraiser had failed to comply with the statutory requirements of section 499 of the Tariff Act of 1922 (held by us to be mandatory), in that he was shown to have examined less than 10 per centum of the barrels of pickled beef there involved. Prior to the local appraiser's appraisement in that case all the merchandise had been released, no samples were retained, and the appraiser had no basis upon which to make a valid appraisement.

In the case at bar the appraiser did comply with the mandatory requirements of section 499 in that he did open and examine "not less than one package of every invoice and not less than one package of every ten packages of merchandise," and when he made the appraisement there were present the elements that enable appraisement under the mandatory provisions of the statute. Any failure of duty upon his part was not in failing to comply with a mandatory provision of the statute, but failure to comply with a discretionary order of the collector.

In determining the validity of the appraisement made by the local appraiser, it is not improper to consider what the situation would have been had there been no appeal to reappraisement and the collector had liquidated appellee's entry upon the appraised value returned by the local appraiser. Conceivably appellee would have protested the validity of the liquidation upon the ground that the appraisement was void, as is urged here. It seems clear to us that in such case we would be compelled to hold that the acceptance of the appraisement by the collector would be tantamount to a waiver of his original discretionary order that all of the merchandise should be examined, and would indicate that, in his opinion, an examination of 650 out of 3198 cases was sufficient to protect the interests of the Government, the mandatory provisions of the statute having been complied with.

If appellee's contention be sound, then if the appraiser had examined 3190 of the cases, but through inadvertence had failed to examine 8 of the cases, his appraisement would likewise have been void, under a statute which required only that a minimum of 10 per centum of the packages be examined, and under which statute the examination of a greater number rested solely in the discretion of the customs

administrative officers. Appellee's counsel, upon oral argument, frankly conceded that this would be true under his theory of the law. Such a holding would permit importers to take advantage of technicalities not in any way affecting a just appraisement of their merchandise, not necessary for the protection of the Government, and not, in our opinion, required by any mandatory provisions of law.

For the reasons stated herein, we are constrained to hold that the order of the collector that all of the merchandise here involved should be opened and examined was not mandatory, and, inasmuch as the appraiser did comply with the mandatory provisions of said section 499 by opening and examining not less than one package of every ten packages of the merchandise, his appraisement was not void, and the Second Division of the Customs Court erred in reversing the decision of the trial judge and instructing him to dismiss appellee's appeal for reappraisement.

Inasmuch as the parties, upon the trial before the single judge, stipulated the value of the merchandise involved, such stipulation to be effective if the appraisement of the local appraiser was not invalid, and inasmuch as the trial judge rendered a decision in accordance with said stipulation, the judgment based thereon should have been affirmed by the appellate division.

The judgment of the United States Customs Court, Second Division, is *reversed* and the cause is *remanded* for further proceedings in conformity with the views herein expressed.